STATE of Minnesota, Respondent,

v.

**Arlan Dwayne ANDERSON, Appellant.**

No. 49067.

Supreme Court of Minnesota.

June 22, 1979.

Monte M. Miller, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Robert W. Johnson, County Atty., and J. Diane Savage, Asst. County Atty., Anoka, for respondent.

PER CURIAM.

Defendant, charged with theft and with concealing stolen property *knowing* it to be stolen, was found guilty by a district court jury of a lesser-included misdemeanor offense of the latter charge, namely concealing stolen property *believing* it to be stolen, Minn.St. 609.53, subd. 2. The trial court sentenced defendant to a fine of $500 and a term of 90 days in jail, with half of the term suspended and the other half under work release. Defendant, whose sentence was stayed by the district court pending this direct appeal, contends that (1) the trial court erred in refusing to admit evidence of hearsay statements by a friend of his that defendant had no knowledge the property was stolen, and (2) there was as a matter of law insufficient evidence that defendant believed the property was stolen. We affirm.

Defendant argues that the out-of-court statements of his friend were admissible under either Rule 804(b)(3), Rules of Evidence, as statements against the penal interest of the declarant or under Rule 804(b)(5), as statements having special circumstantial guarantees of trustworthiness.[1] There is no merit to these contentions. Although the declarant was unavailable under Rule 804(a)(1), having exercised his privilege against compulsory self-incrimination, his extrajudicial statements, while exculpating defendant, did not inculpate himself. In other words, they were not statements against his penal interest and therefore Rule 804(b)(3) clearly had no application. *United States v. Hoyos*, 573 F.2d 1111 (9 Cir. 1978). Defendant's alternative contention, that the statements were admissible under Rule 804(b)(5), has no merit either. There was nothing about the statements or the circumstances under which they were made which would guarantee the trustworthiness of the statements. Id.

---

1. Rule 804(b)(3) provides as follows: "The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

    "(3) *Statement against interest.* A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement."

    Subsection (5) provides as follows: "(5) *Other exceptions.* A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more proba- tive on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name, address and present whereabouts of the declarant."

    For a full discussion, see 4 Weinstein's Evidence, United States Rules, §§ 804(b)(3), 804(b)(5).

    The leading pre-Rules case in Minnesota on declarations against penal interests is *State v. Higginbotham*, 298 Minn. 1, 212 N.W.2d 881 (1973).

Defendant's other contention, that the evidence was legally insufficient, is also meritless. There was strong evidence to support the jury's determination that defendant believed the property he concealed was stolen property.

Affirmed.